IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER PIERCE,

                    Petitioner,

        v.                                    CASE NO. 05-3092-SAC

RAY ROBERTS, et al.,

                    Respondents.


O R D E R

By its order of March 9, 2005 (Doc. 3), the court liberally construed this matter as a civil rights action filed pursuant to 42 U.S.C. 1983 and granted petitioner twenty days to advise the court whether he wished to pursue this matter and to supplement the record with additional grievance materials.

Petitioner filed a timely response (Doc. 4), in which he states that he exhausted administrative remedies.  He also asks that this matter be transferred to the United States Court of Appeals for the Tenth Circuit "concerning a habeas corpus appeal."

The court has examined the record and finds petitioner exhausted administrative remedies on his claim that he has not received appropriate medical care.  As set forth in the court's earlier order, this claim must be presented in a civil rights

action, not a habeas corpus action.  See Preiser v. Rodriguez, 411 U.S. 475 (1973)(discussing and contrasting habeas corpus and civil rights actions).

Because petitioner is subject to the provisions of 28 U.S.C. 1915(g)[1], this matter may proceed only if petitioner submits the full filing fee of $250.00.[2]

The court has considered the grievances in the record, and concludes petitioner has not demonstrated that he is in imminent danger of serious physical harm.  The grievance response prepared by the Unit Team in December 2004 states, in part:

> UTM R. Sapien has made contact with Correct Care Solutions Medical and advised them of your concerns of not receiving medical services.  Mr. Sapien was advised that you do receive medical care services upon their

---

[1]

28 U.S.C. 1915(g) provides: In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section is the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[2]

Court records in the District of Kansas reflect that the petitioner has filed at least nineteen actions.  Of those, several have been dismissed as frivolous or for failure to state a claim for relief, including: Case No. 94-3396, Pierce v. Kunen, (summarily dismissed as frivolous); Case No. 95-3202, Pierce v. Green, (same); Case No. 95-3364, Pierce v. Brooks, (summarily dismissed for failure to state a claim for relief); Case No. 95-3376, Pierce v. Jansen, (same), and Case No. 96-3025, Pierce v. Sieve,(same).

2

receiving a medical slip stating what your medical concerns are. (Doc. 4, Ex. B.)

Accordingly, petitioner may proceed in this action only if he pays the full filing fee of $250.00. The court grants petitioner thirty days to submit the filing fee.

Finally, the court liberally construes petitioner's request that this matter be transferred to the Tenth Circuit as a habeas corpus appeal (Doc. 4), as an interlocutory appeal. Such an appeal must be evaluated pursuant to 28 U.S.C. 1292(b), which provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals...may thereupon, in its discretion, permit an appeal to be taken from such order....

To the extent petitioner's request for an appeal may be construed as a motion for certification under 28 U.S.C. 1292(b), the court finds neither exceptional circumstances which might justify appellate review at this point nor any ground suggesting that such an appeal might advance the ultimate resolution of this matter. Accordingly, the court will deny certification of this matter as an interlocutory appeal.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is denied.

IT IS FURTHER ORDERED petitioner is granted thirty (30) days from the date of this Order to submit the $250.00 filing fee. Failure to pay the full filing fee by that time will result in the dismissal of this action without prejudice.

IT IS FURTHER ORDERED that petitioner's request for transfer of this matter to the United States Court of Appeals for the Tenth Circuit (Doc. 4) is liberally construed as a notice of interlocutory appeal.  Certification of the interlocutory appeal and leave to proceed on appeal in forma pauperis are denied.

Copies of this order shall be transmitted to the petitioner and to the Clerk of the United States Court of Appeals.

**IT IS SO ORDERED**.

DATED:  This 21st day of April, 2005, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge